IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE MANUEL CABADAS,

    Plaintiff,

    v.

CORRECTION OFFICER PICARD,

    Defendant.

Case No. 3:25-cv-01206-AR

**ORDER TO DISMISS**

NELSON, District Judge

    Plaintiff Jose Manuel Cabadas, an adult in custody at FCI Terminal Island, brings this civil rights action under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 402 U.S.C. 399 as a self-represented litigant. Cabadas sues Correction Officer Picard, who is employed at Sheridan, alleging that Picard used excessive force and, when assaulting Cabadas, injured his shoulder sometime in 2021. On July 31, 2025, Magistrate Judge Jeff Armistead issued an Order to Show Cause (ECF No. 10) ordering Cabadas to show cause in writing why his Complaint should not be summarily dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Currently before the Court is Cabadas' Response (ECF No. 11) to Judge Armistead's Order to Show Cause.

    Judge Armistead identified two bases upon which Cabadas' Complaint is subject to dismissal. First, Cabadas' claim is untimely as it is brought outside the two-year statute of limitations for *Bivens* claims in Oregon. Second, Cabadas cannot assert a *Bivens* claim arising from the alleged use of force.

    In his Response, Cabadas concedes that his claim is untimely, but contends he was unable to timely file because "the BOP made considerable efforts to mask the information needed to file

1 – ORDER TO DISMISS

a complaint." He states that "Sheridan has not been forthcoming" and Terminal Island "took measures to not deliver sent mails that addressed this issue" and, as a result Cabadas "was simply unable to file in time." These statements, however, do not form an adequate basis to establish that either equitable tolling or equitable estoppel apply to excuse Cabadas' late filing. *See Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) ("[I]f a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs"); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (federal courts may allow equitable estoppel to excuse a late filing "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.") (citation omitted).

In any event, Cabadas has not established a basis for his claim to proceed under *Bivens*. Cabadas contends his Complaint should be construed as alleging a claim for unlawful search and seizure under the Fourth Amendment, as well as a claim for denial of medical care because he continues to suffer injury from the use of force. As to the Fourth Amendment, Cabadas' argument is precluded under *Egbert v. Boule*, 134 S.Ct. 1793, 1804 (2022), which held specifically that no *Bivens* remedy is available for a Fourth Amendment excessive force claim. As to a denial of medical care claim which would ostensibly still be allowed under *Bivens*, Cabadas has cannot conceivably allege facts establishing that a Sheridan correctional officer is personally involved in the denial of medical care at Terminal Island. *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (a defendant is not responsible in a *Bivens* action unless the facts establish the defendant's personal involvement in the alleged constitutional deprivation).

Finally, the Court notes that Cabadas previously alleged the same excessive force claim against Corrections Officer Picard in the District of Oregon in *Cabadas v. Picard*, Case No. 3:25-cv-00188-AA. In that case, Cabadas' Complaint was dismissed on February 28, 2025, by District Judge Ann Aiken on the same bases noted in Judge Armistead's Order to Show Cause. Cabadas is precluded from bringing the identical claim in this action because he is barred from doing so under the principles of res judicata. *See Song v. Central Intelligence Agency*, 2024 WL 2251865, at *7-8 (D. Or. May 10, 2024) (finding claims previously alleged and dismissed on the merits under 28 U.S.C. § 1915(e)(2) barred by res judicata in second action alleging same claims).

## CONCLUSION

For these reasons, IT IS ORDERED that Cabadas' Complaint is dismissed for failure to state a claim upon which relief may be granted as required under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

DATED: 8/18/2025

*Adrienne Nelson*

Adrienne Nelson
United States District Judge

3 – ORDER TO DISMISS